IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. CIV S-11-2059-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| SOCIAL SECURITY ADMINISTRATION, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In her complaint, plaintiff claims that defendants violated her procedural due process rights with respect to a reduction in her social security benefits.  Specifically, plaintiff alleges:

> Plaintiff has been disabled for many years, and receives SSDI payments of $936.00 per month as her sole income.  In October of 2010, Plaintiff received a notice from the SSA that her payments would be reduced by $100.00 as a collection effort for an alleged overpayment.  Pursuant to the instructions on the notice, Plaintiff requested a hearing on the action to lower her payments, a review of the amount and the basis for the reduction.  No response was forthcoming.
> Plaintiff retained an Authorized Representative, Peter T. Harrell, to assist her in obtaining her due process rights from the SSA.  Mr. Harrell wrote several letters on Plaintiff's behalf, but no action in response was ever taken by the SSA, or any of the employees, agents, managers, or other persons untrusted with the responsibilities and functioning of that agency.
> In fact, nobody from the SSA responded at all – not even a note. . . .

The court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs.  If plaintiff desires service of process by the United States Marshal  without pre-payment of costs, plaintiff must comply with the requirements outlined below.  Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall issue a summons in a civil case, the undersigned's new case documents, and an order setting this matter for an initial scheduling conference;

2. The Clerk of the Court shall send plaintiff the summons, Two USM-285 forms, and a copy of the complaint;

3. Within 15 days from the date of this order, plaintiff shall complete the summons by indicating the addresses of the named defendants and shall submit to the United States Marshal at the address indicated below the following documents:

    a. The completed summons;

    b. One completed USM-285 form for each named defendant;

    c. Three copies of the complaint; and

    d. Two copies of the court's initial scheduling conference order issued herewith;

4. Within 20 days of the date of this order, plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

5. If plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the defendants at the addresses provided by plaintiff; and

/ / /

/ / /

/ / /

1       6.     The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

DATED: August 19, 2011

                                                                **CRAIG M. KELLISON**
                                                                UNITED STATES MAGISTRATE JUDGE