1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KIMBERLY R. OLSON,                    No. 2:11-CV-2059-MCE-CMK

12              Plaintiff,

13        vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   SOCIAL SECURITY
     ADMINISTRATION, et al.,
15
              Defendants.
16
     _____/
17

18              Plaintiff, who is proceeding pro se, brings this civil rights action.  Pending before

19   the court is defendants' motion to dismiss (Doc. 24).  Defendants argue, among other things, that

20   the court lacks jurisdiction because plaintiff's claims are subject to further administrative review.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

## I.  PLAINTIFF'S ALLEGATIONS

In her complaint, plaintiff claims that defendants violated her procedural due process rights with respect to a reduction in her social security benefits.  Specifically, plaintiff alleges:

> Plaintiff has been disabled for many years, and receives SSDI payments of $936.00 per month as her sole income.  In October of 2010, Plaintiff received a notice from the SSA that her payments would be reduced by $100.00 as a collection effort for an alleged overpayment.  Pursuant to the instructions on the notice, Plaintiff requested a hearing on the action to lower her payments, a review of the amount and the basis for the reduction.  No response was forthcoming.
> Plaintiff retained an Authorized Representative, Peter T. Harrell, to assist her in obtaining her due process rights from the SSA.  Mr. Harrell wrote several letters on Plaintiff's behalf, but no action in response was ever taken by the SSA, or any of the employees, agents, managers, or other persons untrusted with the responsibilities and functioning of that agency.  In fact, nobody from the SSA responded at all – not even a note. . . .

## II.  STANDARDS FOR MOTION TO DISMISS

A motion to dismiss based on failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (considering exhaustion in prisoner civil rights case).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  See Wyatt, 315 F.3d at 1120.

/ / /

# III. DISCUSSION

Defendants argue:

> Here, Plaintiff has not yet completed the reconsideration level of review, and therefore has neither obtained an ALJ decision nor Appeals Council review of her claims.  Woo Decl. at 3.  To the extent that she seeks review by this Court of the agency's overpayment assessment and denial of waiver, the Court lacks jurisdiction in the absence of a final agency decision.  (citations omitted).  Unless and until Plaintiff follows the administrative review process through Appeals Council review, she has not exhausted her administrative remedies and the matter is not ripe for judicial review.  (citations omitted).

Defendants' argument is persuasive.  According to declarations submitted with defendants' motion, plaintiff has received a refund of $1,700.00.[1]  The agency scheduled a personal conference with plaintiff for February 24, 2012, regarding reconsideration of matters surrounding overpayments and denial of waiver.  According to a status report submitted by defendants on May 16, 2012, the agency reached a decision waiving some but not all of the overpayments.  Defendants state that agency review is ongoing pursuant to various requests for an administrative hearing submitted by plaintiff.  To the extent plaintiff alleges wrongdoing which caused a delay in benefits or cessation of benefits, such claims are not allowed.  See Schweiker v. Chilicky, 487 U.S. 412 (1988) (declining to create a remedy in damages for hardship suffered as a result of delays in payment of benefits).  In short, all of plaintiff's remedies lie with the agency until the agency issues a final decision subject to judicial review.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]     The refund also appears to moot the current claims.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 24) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  October 19, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE